IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18CR10-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **SUPERSEDING** |
| ) | **BILL OF INDICTMENT** |
| v. ) | |
| ) | Violations: 18 U.S.C. § 1028A(a)(1) |
| (1) STEVEN WILLIAM BOLEN, ) | 18 U.S.C. § 1029(a)(5) |
| (2) LACEY VICTORIA CHAMBLESS, ) | 18 U.S.C. § 1029(b)(1) |
|     a/k/a "STEPHANIE," ) | 18 U.S.C. § 1029(b)(2) |
| (3) KYLE LEE TINLEY, ) | 18 U.S.C. § 2 |
| (4) KYLE ANTHONY LAUHON, ) | |
| (5) DEBBIE ELAINE JAIMES, ) | |
|     a/k/a DEBBIE ELAINE STEWART, and ) | |
|     a/k/a DEBBIE ELAINE SMART, ) | |
| (6) JACOB SCOTT DIXON, ) | |
|     a/k/a JAY DIXON, ) | |
| (7) RANDY ROSCOE JENKINS, JR., ) | |
| (9) BRENDAN EUGENE TINLEY, ) | |
| (10) DANIEL RAY ROSE, ) | |
| (11) ZACHARY EVERETT STALNAKER, ) | |
| (12) STACY JAMES SMITH, and ) | |
| (13) DEVON RAY BLANTON ) | |

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

At all times material to this Superseding Bill of Indictment, in Cleveland, Gaston, Iredell, Lincoln, and Mecklenburg Counties, within the Western District of North Carolina, and elsewhere:

    1.    From on or about August 1, 2016 and continuing to the present time, STEVEN WILLIAM BOLEN ("BOLEN"), LACEY VICTORIA CHAMBLESS ("CHAMBLESS"), a/k/a "STEPHANIE," KYLE LEE TINLEY ("KYLE TINLEY"), KYLE ANTHONY LAUHON ("LAUHON"), DEBBIE ELAINE JAIMES ("JAIMES"), a/k/a DEBBIE ELAINE STEWART, a/k/a DEBBIE ELAINE SMART, JACOB SCOTT DIXON ("DIXON"), a/k/a JAY DIXON, RANDY ROSCOE JENKINS, JR. ("JENKINS"), BRENDAN EUGENE TINLEY ("BRENDAN TINLEY"), DANIEL RAY ROSE ("ROSE"), ZACHARY EVERETT STALNAKER ("STALNAKER"), STACY JAMES SMITH ("SMITH"), and DEVON RAY BLANTON ("BLANTON") (collectively "the Defendants" or "co-conspirators"), as well as other persons known and unknown to the Grand Jury ("other persons"), with intent to defraud

operated an illegal scheme to effect transactions using access devices,[1] specifically, credit card numbers, issued to another person or persons so they could purchase, among other things, trailers, electronics, landscaping materials, construction materials, and other things and services of value.

2. During and in furtherance of the conspiracy, the Defendants, knowingly and with intent to defraud, did and attempted to effect transactions with one or more access devices issued to another person or persons, so that they could receive things of value worth at least $1,000 during a 1-year period.

3. During and in furtherance of the conspiracy, BOLEN received fraudulently obtained credit card numbers with accompanying names, CVV codes, billing addresses and zip codes from Unindicted Co-Conspirator #1 ("UCC #1"), who lived in Lagos, Nigeria. UCC #1, unlawfully and without proper authorization, obtained credit card numbers and other information about true credit card account owners. Initially BOLEN was the sole person in contact with UCC #1, but later in the conspiracy KYLE TINLEY was in direct contact with UCC #1 and also obtained fraudulently obtained credit card information from him.

4. During and in furtherance of the conspiracy, after receiving the credit card information from UCC #1, BOLEN, CHAMBLESS, KYLE TINLEY, JAIMES, BRENDAN TINLEY, ROSE, STALNAKER, and other co-conspirators targeted small, independently owned businesses that accepted credit card payments over the telephone and fraudulently purchased trailers, landscaping materials, construction materials and other items. Before using a credit card number to purchase a more expensive item, the co-conspirators often bought a pizza with the fraudulently obtained credit card number. If the pizza purchase succeeded, they would then buy more expensive items.

5. During and in furtherance of the conspiracy, CHAMBLESS, considered the "secretary" of the illegal conspiracy, often used the name "Stephanie" when she contacted businesses and made fraudulent purchases using credit card information obtained from UCC #1. CHAMBLESS, as well as other co-conspirators who called companies to make fraudulent purchases, would give the company the name of the "runner," the person who would go to the business and represented themselves as the purchaser of the item or items bought. The "runner" would then use their legitimately issued identification documents when filling out the bills of sale and picking up the purchased items.

6. During and in furtherance of the conspiracy, at BOLEN's direction, DIXON and JENKINS often served as "runners" in the conspiracy. BOLEN paid them $100 to fill out the bills of sale and pick up the trailers.

---

[1] The term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommuncations service, equipment or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

7.  During and in furtherance of the conspiracy, most of the fraudulently purchased items were transported to and stored at BOLEN's residence, though some were stored at JAIMES's and SMITH's residences. JAIMES allowed BOLEN to transport and store some of the fraudulently purchased items at her residence after BOLEN used a fraudulently obtained credit card number to pay her electricity bills. For cash payments and other considerations, SMITH allowed BOLEN, BRENDAN TINLEY and other co-conspirators to transport to and to store fraudulently purchased items at his residence.

8.  During and in furtherance of the conspiracy, SMITH rented vehicles so that BRENDAN TINLEY and other co-conspirators could travel to various stores and conduct fraudulent transactions using credit card information belonging to other persons without their authorization.

9.  During and in furtherance of the conspiracy, after purchasing items through fraudulent credit card transactions, BOLEN regularly sent UCC #1 $1,000 to $1,500 via Money Gram transfers.

10. During and in furtherance of the conspiracy, after purchasing items through fraudulent credit card transactions, BOLEN, CHAMBLESS, KYLE TINLEY, BLANTON and other co-conspirators sold these items through various means, including online through websites such as Craigslist, One Man's Junk, and LetGo. The co-conspirators often sold the fraudulently purchased merchandise for significantly less than its retail value.

11. On or about March 6, 2017, at the direction of BOLEN and CHAMBLESS, DIXON used victim H----- V-----'s credit card information to place an order at North Carolina Trailer Sales for a trailer valued at $5,165. DIXON used the victim's name as the "customer" for this transaction, but DIXON himself picked up the trailer and then transported and stored it at his aunt's house in Gaston County.

12. On or about March 17, 2017, CHAMBLESS, using the name "Stephanie," fraudulently purchased with a credit card number a $6,457.20 dump trailer from North Carolina Trailer and Sales, Davidson County, North Carolina, and she told the seller that the trailer should be titled to JENKINS. This trailer was eventually transported and stored at JAIMES's residence in Gaston County.

13. On or about March 27, 2017, at the direction of BOLEN, CHAMBLESS used victim D----- K-----'s and credit card information to purchase $7,860.24 worth of sod, fertilizer and seed from SuperSod, Pineville, North Carolina.

14. On or about March 29, 2017, CHAMBLESS, using the name "Stephanie," fraudulently purchased with a credit card number an eighteen foot trailer for $4,000 from East Coast Trailer and Equipment Company, Charlotte, North Carolina. CHAMBLESS made this purchase in DIXON's name. On or about April 6, 2017, BOLEN signed the bill of sale for the trailer and a co-conspirator transported it to the residence shared by BOLEN and CHAMBLESS.

3

15. On or about April 6, 2017, JAIMES fraudulent purchased with a credit card number fifteen Otter Box cases for $689.99 and five iPhone 6's for $2,139.95 from Computer CPR, York County, South Carolina. The next day, JAIMES and BOLEN picked up these items from that company.

16. On or about April 10, 2017, CHAMBLESS, using the name "Stephanie," fraudulently purchased with a credit card number a $6,700 trailer from East Coast Trailer and Equipment, Mecklenburg County, North Carolina, and she told the seller that the trailer should be titled to JENKINS, who presented identification documents to the seller. A co-conspirator eventually picked up the trailer.

17. On or about August 23, 2017, KYLE TINLEY fraudulently purchased a $9,474.97 trailer from Cherokee Lite Camper, Cleveland County, North Carolina, and he and LAUHON picked up the trailer later that day.

18. On or about August 25, 2017, LAUHON and KYLE TINLEY picked up from TRT Trailer Sales, Inc., Lincolnton, North Carolina, a $6,825.00 trailer that had been fraudulently purchased with a credit card number.

19. On or about August 25, 2017, KYLE TINLEY fraudulently purchased with a credit card number tires valued at $1,016.77 from Mr. Tire Auto Center, Kings Mountain, North Carolina.

20. On or about August 30, 2017, law enforcement officers seized some of the items that had been fraudulently purchased with credit card numbers, including the $9,474.97 trailer that KYLE TINLEY had purchased from Cherokee Lite Camper on or about August 23, 2017.

21. On or about September 1, 2017, KYLE TINLEY contacted one of the law enforcement officers involved in the August 30, 2017 seizure and told that person that he had legitimately bought the trailer and wanted it returned to him. When that law enforcement officer refused to do so, KYLE TINLEY cursed at this person and said "I hope you get shot in the line of duty."

22. On or about September 14, 2017, BRENDAN TINLEY fraudulently used a credit card number to purchase a $3,703.78 trailer from The Trailer Depot, Charleston, South Carolina. BRENDAN TINLEY and LAUHON eventually sold it to a person in Iredell County for $2,000.

23. On or about September 20, 2017, as well as other occasions, BLANTON took photographs of the items that BRENDAN TINLEY and other co-conspirators fraudulently purchased with credit card numbers and posted these items for sale on selling sites such as Facebook, Craigslist and LetGo.

24. On or about September 23, 2017, BRENDAN TINLEY fraudulently used a credit card number to purchase a trailer valued at $9,474.99 from Pro-Line Trailer Sales, Franklin County, Virginia. On or about September 25, 2017, STALNAKER signed the paperwork necessary to complete this fraudulent transaction.

25. On or about September 23, 2017, BRENDAN TINLEY and STALNAKER fraudulently used a credit card number to purchase two trailers valued at $10,514.08 from The Trailer Depot, Charleston, South Carolina.

26. On or about September 27, 2017, ROSE fraudulently used a credit card number to purchase a $5,965 trailer from Golden Gait Trailers in Cabarrus County, North Carolina. LAUHON picked up the trailer.

27. On or about October 9, 2017, in Mecklenburg County, SMITH rented a F-250 truck for BRENDAN TINLEY and STALNAKER so that they could facilitate fraudulent transactions involving credit card numbers in North Carolina and South Carolina.

28. The true credit card account owners, consisting of both individuals as well as businesses and organizations, did not authorize the fraudulent transactions conducted by the co-conspirators using their credit card numbers. To date, fraudulent purchases made and attempted by the co-conspirators using credit card information total $512,286.62, more or less.

## COUNT ONE
### (ACCESS DEVICE FRAUD CONSPIRACY – 18 U.S.C. § 1029(b)(2))

29. The Grand Jury realleges and incorporates by reference the allegations in the Introduction in this Superseding Bill of Indictment.

30. From on or about August 1, 2016, and continuing to the present time, in Cleveland, Gaston, Iredell, Lincoln, and Mecklenburg Counties, within the Western District of North Carolina, and elsewhere,

(1) **STEVEN WILLIAM BOLEN,**
(2) **LACEY VICTORIA CHAMBLESS**
a/k/a "STEPHANIE,"
(3) **KYLE LEE TINLEY,**
(4) **KYLE ANTHONY LAUHON,**
(5) **DEBBIE ELAINE JAIMES,**
a/k/a **DEBBIE ELAINE STEWART** and
a/k/a **DEBBIE ELAINE SMART,**
(6) **JACOB SCOTT DIXON,**

5

a/k/a JAY DIXON,
(7)  RANDY ROSCOE JENKINS, JR.,
(9)  BRENDAN EUGENE TINLEY,
(10) DANIEL RAY ROSE,
(11) ZACHARY EVERETT STALNAKER,
(12) STACY JAMES SMITH, and
(13) DEVON RAY BLANTON

and other persons unlawfully combined, conspired, confederated, and agreed to commit against the United States the following offense:

> knowingly effecting transactions with one or more access devices issued to another person or persons, with the intent to defraud, in order to receive payment or any thing of value during any one-year period with the aggregate value of which being equal to or greater than $1,000, affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(5).

## OBJECT OF THE CONSPIRACY

As a part and an object of the conspiracy, the Defendants and other persons knowingly effected transactions with one or more access devices issued to another person or persons, with the intent to defraud, in order to receive payment or any thing of value during any one-year period with the aggregate value of which being equal to or greater than $1,000, affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(5).

## MANNER AND MEANS OF THE CONSPIRACY

31.  The Defendants and other persons carried out the conspiracy in the manner and means described in the Introduction to this Bill of Superseding Indictment.

## OVERT ACTS

32.  In furtherance of the conspiracy and to promote its object, the Defendants and other persons committed and caused to be committed one or more of the overt acts described in the Introduction to this Bill of Superseding Indictment.

All in violation of 18 U.S.C. § 1029(b)(2).

## COUNT TWO
### (ACCESS DEVICE FRAUD– 18 U.S.C. § 1029(a)(5))

33. The allegations in the Introduction and preceding Count are realleged and fully incorporated herein by reference.

34. On or about March 29, 2017, in Gaston and Mecklenburg Counties, within the Western District of North Carolina, and elsewhere,

**(1) STEVEN WILLIAM BOLEN,**
**(2) LACEY VICTORIA CHAMBLESS, and**
**a/k/a "STEPHANIE"**

and other persons known and unknown to the Grand Jury knowingly did and attempted to effect transactions with one or more access devices issued to another person or persons, that is, a credit card number ending in 7546, with the intent to defraud, in order to receive payment or any thing of value during any one-year period with the aggregate value of which being equal to or greater than $1,000, affecting interstate commerce, and aided, abetted, counseled, commanded, induced and procured the commission of this offense.

All in violation of 18 U.S.C. §§ 1029(a)(5) and (b)(1) and 18 U.S.C. § 2.

## COUNT THREE
### (ACCESS DEVICE FRAUD– 18 U.S.C. § 1029(a)(5))

35. The allegations in the Introduction and preceding Counts are realleged and fully incorporated herein by reference.

36. On or about April 10, 2017, in Gaston and Mecklenburg Counties, within the Western District of North Carolina, and elsewhere,

**(1) STEVEN WILLIAM BOLEN,**
**(2) LACEY VICTORIA CHAMBLESS,**
**a/k/a "STEPHANIE,"**
**(7) RANDY ROSCOE JENKINS, JR.**

and other persons known and unknown to the Grand Jury knowingly did and attempted to effect transactions with one or more access devices issued to another person or persons, that is, a credit card number ending in 5516, with the intent to defraud, in order to receive payment or any thing of value during any one-year period with the aggregate value of which being equal to or greater than $1,000, affecting interstate commerce, and aided, abetted, counseled, commanded, induced and procured the commission of this offense.

All in violation of 18 U.S.C. §§ 1029(a)(5) and (b)(1) and 18 U.S.C. § 2.

## COUNT FOUR
### (ACCESS DEVICE FRAUD– 18 U.S.C. § 1029(a)(5))

37. The allegations in the Introduction and preceding Counts are realleged and fully incorporated herein by reference.

38. On or about August 23, 2017, in Cleveland County, within the Western District of North Carolina, and elsewhere,

**(3) KYLE LEE TINLEY and
(4) KYLE ANTHONY LAUHON**

and other persons known and unknown to the Grand Jury knowingly did and attempted to effect transactions with one or more access devices issued to another person or persons, that is, a credit card number ending in 2635, with the intent to defraud, in order to receive payment or any thing of value during any one-year period with the aggregate value of which being equal to or greater than $1,000, affecting interstate commerce, and aided, abetted, counseled, commanded, induced and procured the commission of this offense.

All in violation of 18 U.S.C. §§ 1029(a)(5) and (b)(1) and 18 U.S.C. § 2.

## COUNT FIVE
### (ACCESS DEVICE FRAUD– 18 U.S.C. § 1029(a)(5))

39. The allegations in the Introduction and preceding Counts are realleged and fully incorporated herein by reference.

40. On or about August 25, 2017, in Cleveland County, within the Western District of North Carolina, and elsewhere,

**(3) KYLE LEE TINLEY and
(4) KYLE ANTHONY LAUHON**

and other persons knowingly did and attempted to effect transactions with one or more access devices issued to another person or persons, a credit card number ending in 2635, with the intent to defraud, in order to receive payment or any thing of value during any one-year period with the aggregate value of which being equal to or greater than $1,000, affecting interstate commerce, and aided, abetted, counseled, commanded, induced and procured the commission of this offense.

All in violation of 18 U.S.C. §§ 1029(a)(5) and (b)(1) and 18 U.S.C. § 2.

## COUNT SIX
## (AGGRAVATED IDENTITY THEFT – 18 U.S.C. § 1028A(a)(1))

41. The allegations in the Introduction and preceding Counts are realleged and fully incorporated herein by reference.

42. On or about March 6, 2017, in Cleveland and Gaston Counties, within the Western District of North Carolina, and elsewhere,

**(1) STEVEN WILLIAM BOLEN,**
**(2) LACEY VICTORIA CHAMBLESS**
**a/k/a "STEPHANIE," and**
**(6) JACOB SCOTT DIXON,**
**a/k/a JAY DIXON**

and other persons known to the Grand Jury knowingly and without lawful authority did and attempted to transfer, possess and use a means of identification of another person, during and in relation to engaging in fraudulent access device transactions exceeding $1,000 in value during a one year period (18 U.S.C. § 1029(a)(5), a felony violation included in 18 U.S.C. § 1028A(c)) and knowing that the means of identification belong to another actual person, H---- V----, and they aided, abetted, counseled, commanded, induced and procured the commission of this offense.

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNT SEVEN
## (AGGRAVATED IDENTITY THEFT – 18 U.S.C. § 1028A(a)(1))

44. The allegations in the Introduction and preceding Counts are realleged and fully incorporated herein by reference.

45. On or about March 27, 2017, in Cleveland and Gaston Counties, within the Western District of North Carolina, and elsewhere,

**(1) STEVEN WILLIAM BOLEN, and**
**(2) LACEY VICTORIA CHAMBLESS**
**a/k/a "STEPHANIE"**

and other persons known to the Grand Jury knowingly and without lawful authority did and attempted to transfer, possess and use a means of identification of another person, during and in relation to engaging in fraudulent access device transactions exceeding $1,000 in value during a one year period (18 U.S.C. § 1029(a)(5), a felony violation included in 18 U.S.C. § 1028A(c)) and knowing that the means of identification belong to another actual person, D---- K----, and

9

Case 3:18-cr-00010-RJC-DSC   Document 112   Filed 05/16/18   Page 9 of 10

they aided, abetted, counseled, commanded, induced and procured the commission of this offense.

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982, 18 U.S.C. § 1029(c)(2), and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982, 1029 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this Superseding Bill of Indictment; and

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment in the amount of at least $512,286.62, such amount constituting the proceeds of the violations set forth in this Superseding Bill of Indictment.

TRUE BILL:

FOREPERSON

R. ANDREW MURRAY
UNITED STATES ATTORNEY

KENNETH M. SMITH
ASSISTANT UNITED STATES ATTORNEY

10