UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-00010-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LACEY CHAMBLESS (2) | ) | |

**THIS MATTER** is before the Court on the government's motion for determination of restitution, (Doc. No. 361), which was deferred at the time of the defendant's sentencing and her response in opposition, (Doc. No. 363). Upon consideration of the briefing by the parties and the entire record of this case, the Court will order restitution as detailed below.

I.      BACKGROUND

The defendant pled guilty to conspiring to effect transactions with others' access devices with intent to defraud. (Doc. No. 112: Superseding Indictment at 5-6; Doc. No. 226: Amended Plea Agreement at 1). The defendant stipulated that the loss amount was more than $250,000 but less than $550,000, (Doc. No. 226: Amended Plea Agreement at 2; Doc. No. 227: Factual Basis at 2), and did not object to information in the Presentence Report about her involvement in the fraudulent purchase of a $5,165 trailer from North Carolina Trailer Sales, a $6,457.20 dump trailer from North Carolina Trailer Sales, a $4,000 trailer from East Coast Trailer and Equipment Company, and a $6,700 trailer from East Coast Trailer and Equipment Company, (Doc. No. 277: Presentence Report at ¶¶ 12-15). The

1

defendant also agreed to pay "full restitution" to all victims "directly or indirectly" harmed by her "relevant conduct." (Doc. No. 226: Plea Agreement at 3).

## II.  STANDARD OF REVIEW

Under the Mandatory Victim Restitution Act (MVRA), a victim is a person directly and proximately harmed as a result of the commission of a qualifying offense and a defendant must pay the value of the property loss. 18 U.S.C. § 3663A(a)(2) and (b)(1).  Additionally, the Court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. 18 U.S.C. § 3663(a)(3).

## III.  DISCUSSION

The government requests restitution on behalf of 28 victims of the conspiracy for a total of $254,453.98. (Doc. No. 361: Motion at 2).  The defendant objects, faulting the government for filing its motion after the 90-day deferral period and claiming a due process violation if she were required to refute the government's request after the passage of time has dulled her memory. (Doc. No. 363: Response at 2).  The Supreme Court has recognized that a district court retains authority to order restitution after the expiration of the 90-day period provided by 18 U.S.C. § 3664(d)(5). Dolan v. United States, 560 U.S. 605, 608 (2010).  Because the defendant pled guilty to a conspiracy offense with a loss amount greater than the restitution sought by the government, she could be properly held responsible for the full amount of loss caused by her co-conspirators. United States v. Newsome, 322 F.3d 328, 340-42 (4th Cir. 2003).  However, in the circumstances of this case, the Court

2

will exercise its discretion to apportion liability among co-defendants, 18 U.S.C. § 3664(h), and finds the defendant is responsible for restitution for the loss to North Carolina Trailer Sales in the amount of $11,622.20 and East Coast Trailer and Equipment Company in the amount of $10,700.

**IT IS, THEREFORE, ORDERED** that, pursuant to 18 U.S.C. § 3664(d)(5), and the MVRA, the Judgment, (Doc. No. 320), shall be amended to require restitution directed to the United States District Court Clerk to be paid to North Carolina Trailer and Sales in the amount of $11,622.20 and East Coast Trailer and Equipment Company in the amount of $10,700.

The Court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future. The victims' recovery is limited to the amount of their loss as determined in this Order and each defendant's liability for restitution ceases if and when the victims receive full restitution. Any payment that is not payment in full shall be divided proportionately among the victims named. All other terms of the original Judgment remain unchanged.

The Clerk is directed to certify copies of this order to the defendant, to the United States Attorney, the United States Marshals Service, the United States Probation Office, and the Financial Administration Unit of the Clerk's Office.

Signed: March 29, 2022

Robert J. Conrad, Jr.
United States District Judge

3